**Charles Allen WILSON, Plaintiff,**

v.

**HONDA MOTOR COMPANY, LTD., et al., Defendants.**

**Civ. No. 3-91-0351.**

United States District Court, E.D. Tennessee, N.D.

Sept. 4, 1991.

---

340

Sidney W. Gilreath, Meridith C. Bond, Knoxville, Tenn., for plaintiff.

Charles B. Lewis, Jennifer L. Rawls, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION

JARVIS, District Judge.

This is a products liability action brought pursuant to 28 U.S.C. § 1332. Currently pending is the motion of defendant Honda Motor Company, Ltd. for dismissal for insufficiency of process or insufficiency of service of process pursuant to Rules 12(b)(4) and (5), Federal Rules of Civil Procedure [Court File # 4]. Defendant is a Japanese corporation with its principal place of business in Japan and has no agent for service of process in the United States. In this case, plaintiff served process on the defendant by first sending the documents to the Tennessee Secretary of State. The Secretary, in turn, sent the complaints and summonses by registered mail directly to defendant in Japan, thus complying with the service requirements of the Tennessee long arm statute. Defendant argues that method of service of process utilized by the plaintiff, registered mail through the Tennessee Secretary of State, does not comply with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, popularly known as the "Hague Convention". 20 U.S.T. § 361, T.I.A.S. 6638. For the reasons that follow, the court agrees.

The Hague Convention is a treaty entered into by the United States and Japan that provides a mechanism by which a party who is authorized by the laws of his own country to serve process can do so in a manner acceptable to the other sovereign country where he makes service. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 288 (3rd Cir.), *cert. denied*, 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981).

As a treaty duly ratified by the United States, the Hague Convention is the supreme law of the land. U.S. Const. Art. VI, cl. 2.

The purpose of the Hague Convention is set forth at its beginning:

The States signatory to the present Convention,

Desiring to create appropriate means to insure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,

Desiring to improve the organization of mutual judicial assistance for the purpose of simplifying and expediting the procedure, have resolved to conclude a Convention to this effect and have agreed upon the following provisions.

The Convention then goes on to provide for several different methods of service of process upon a foreign defendant. Articles 2 through 6 establish a system whereby each signatory country agrees to create a "Central Authority" to receive and attempt to satisfy requests from other countries for service of process. Japan has designated the Minister of Foreign Affairs as its Central Authority to receive service of process in a civil action arising in the United States. Normally, service under the Convention is provided for under Article 5 which requires a translation of the documents into the local language and service of the documents through the Central Authority. However, Article 5 is not the only procedure for effectuating service. Article 10 provides:

Provided the State of destination does not object, the present Convention shall not interfere with:

(a) The freedom to send judicial documents, by postal channels, directly to persons abroad;

(b) The freedom of judicial officers, officials, or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination; and

(c) The freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

20 U.S.T. at 363. Japan has declared that it objects to subsections (b) and (c) above, but it has not objected to subsection (a). 737 U.N.T.S. 408 and 410 (1970); *Shoei KaKo Company, Ltd. v. Superior Court, San Francisco*, 33 Cal.App.3d 808, 109 Cal. Rptr. 402 (1973).

The issue presented is simply whether Article 10(a) permits service of process by mail in Japan as was accomplished in this case. Over the years since the treaty was adopted by Japan, two distinct lines of cases have arisen interpreting Article 10(a). A number of courts have held that Article 10(a) permits service of process by mail directly to the defendant without the necessity of resorting to a Central Authority, and without the necessity of translating the documents into the official language of that nation. These courts reasoned that the purpose of the Convention was to facilitate service abroad and the reference to "the freedom to send judicial documents by postal channels, directly to persons abroad" would be superfluous unless it was related to the sending of those documents for the purpose of service. *Ackermann v. Levine*, 788 F.2d 830, 839 (2nd Cir.1986). *See also, Smith v. Dainichi Kinzoku Kogyo Company*, 680 F.Supp. 847, 850 (W.D.Tex.1988). These courts have further suggested that the use of the word "send" rather than "service" in Article 10(a) can be attributed to "careless drafting". *Ackermann*, 788 F.2d at 839.

The second line of cases, those in which this court finds itself in agreement, is that the word "send" in Article 10(a) is not the equivalent of "service of process". *See, e.g., Sheets v. Yamaha Motors Corporation*, 891 F.2d 533 (5th Cir.1990); *Bankston v. Toyota Motor Company*, 889 F.2d 172 (8th Cir.1989); *Pochop v. Toyota Motor Company*, 111 F.R.D. 464 (S.D.Miss. 1986). Subscribers to this latter view maintain that Article 10(a) simply provides a method of sending subsequent documents

after service of process has been obtained through the Central Authority.

The court finds this second line of authority persuasive for several reasons. First, it is a familiar canon of statutory construction that the starting part for interpreting a statute is the language of the statute itself. "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Products Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Since the ordinary meaning of the word "send" is to dispatch or transmit, the court is inclined to give the word its ordinary meaning. Second, where a legislative body includes particular language in one section but omits that same language from another section of the same act, it is generally presumed that that legislative body acted intentionally and purposefully in the disparate inclusion or exclusion. *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983). Since other provisions of the Convention use the word "service" when prescribing approved methods of transmission for service, *see e.g.*, Article 8, the court finds it highly likely that the fact that Japan failed to object to Article 10(a) simply is an oversight. Moreover, as was noted in *Suzuki Motor Company v. Superior Court*, 200 Cal.App.3d 1476, 249 Cal.Rptr. 376 (1988), since service of process by registered mail is not permitted under Japanese law, it is "extremely unlikely that Japan's failure to object to Article 10(a) was intended to authorize the use of registered mail as an effective mode of service of process, particularly in light of the fact that Japan specifically objected to the much more formal modes of service by Japanese officials which were available in Articles 10(b) and (c)." Finally, a liberal reading of "send" to include effective service of legal process would vitiate the fundamental intent of the parties to establish more formal modes of service.

Accordingly, defendant's motion is granted on the grounds that jurisdiction was obtained in violation of the requirements of the Hague Convention. Since there is substantial case authority for the method of service of process attempted by the plaintiff, the court will not now dismiss the complaint against this defendant, but merely quash service.

It is hereby ORDERED that service of process upon defendant Honda Motor Company, Ltd. is hereby QUASHED, and plaintiff will be afforded forty-five (45) days within which to properly serve defendant in compliance with the Hague Convention. If proper service is not obtained within that time period, defendant may renew its motion to dismiss.

Order accordingly.