Eleanor **UPPENDAHL**, Plaintiff,

v.

**AMERICAN HONDA MOTOR CO., INC., et al.,** Defendants.

**Civil Action No. 3:03CV–24–S.**

United States District Court, W.D. Kentucky.

Nov. 17, 2003.

Bryce D. Franklin, Jr., Peter Perlman, Lexington, KY, Stephen E. Van Gaasbeck, San Antonio, TX, for Plaintiff.

Denise A. Dickerson, Lawrence A. Sutter, Sutter, O'Connell, Mannion & Farchione, Cleveland, OH, for Defendants.

## MEMORANDUM OPINION AND ORDER

SIMPSON, District Judge.

This matter is before the court on motion of the defendant, Honda Motor Co., Ltd. ("HMC"), to quash service of process made upon it by mail from the Kentucky Office of the Secretary of State to its corporate headquarters in Japan. HMC contends that the plaintiff, Eleanor Uppendahl, has failed to comply with the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly referred to as the "Hague Convention").

The parties are in agreement that the provisions of the Hague Convention apply to service of process on HMC in this action. The parties also agree that there is a very clear split of authority in the federal courts concerning whether Article 10(a) of the Convention permits service of process by direct mail. The United States Court of Appeals for the Sixth Circuit has not spoken on the matter. The only district court in this circuit to have addressed the question is the United States District Court for the Eastern District of Tennessee in *Wilson v. Honda Motor Company, Ltd.*, 776 F.Supp. 339 (E.D.Tenn.1991) which held that service of process upon the Japanese manufacturer accomplished by sending the complaint and summons to the Tennessee Secretary of State who, in turn, sent the documents by registered mail directly to HMC in Japan did not comply with the Hague Convention. We agree with that result and hold, for the reasons articulated below, that Uppendahl has not served HMC in accordance with the requirements of the Hague Convention, and that HMC's motion to quash should be granted.

The Hague Convention is a multinational treaty, signed in 1965, whose purpose was to formulate an "appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time," and seeking to "improve the organization of mutual judicial assistance for the purpose of simplifying and expediting the procedure." Hague Convention Preamble, 20 U.S.T. 361, 362, T.I.A.S. No. 6638, *reprinted in* 28 U.S.C. Fed.R.Civ.P. 4, note, at 124 (West Supp. 1999). A number of different methods of service of process are available under the Convention. Articles 2 through 6 provide a procedure for signatory countries to designate a "Central Authority" to receive and facilitate service of process from other countries. Japan has designated its Minister of Foreign Affairs for this purpose. Article 8 allows service through diplomatic channels. Article 19 permits service by any method permitted by the internal laws of the country in which service is made. Article 21 then permits a signatory country to ratify the provisions of the Convention subject to any conditions or objections to specific articles that it chooses to include.

Additionally, Article 10 provides:

Provided the State of destination does not object, the present Convention shall not interfere with—(a) the freedom to

send judicial documents, by postal channels, directly to persons abroad, (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination. Hague Convention, at 125–26. Japan has objected to subparagraphs (b) and (c) of Article 10.

The issue which has sharply divided the federal district and circuit courts is whether subparagraph (a) of Article 10 permits service on a Japanese defendant by direct mail.

In the case of *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700, 108 S.Ct. 2104, 2108, 100 L.Ed.2d 722 (1988), the United States Supreme Court reiterated the canon of construction that "[w]hen interpreting a treaty, we 'begin with the text of the treaty and the context in which the written words are used.' [citations omitted]. Other general rules of construction may be brought to bear on difficult or ambiguous passages." This court does not find anything difficult or ambiguous about the passage in question. Very clearly, subparagraphs (b) and (c) of Article 10 address service of judicial documents. Subparagraph (a) does not. The term "service of process" has a well-established technical meaning, as recognized by the Supreme Court in *Schlunk, supra.* "Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action. 1 Ristau § 4–5(2), p. 123 (interpreting the Convention); Black's Law Dictionary 1227 (5th ed.1979); see 4

C. Wright & A. Miller, Federal Practice and Procedure § 1063, p. 225 (2d ed.1987)." *Schlunk*, 108 S.Ct. at 2108. Therefore, the terms must be given their plain, ordinary meaning, and must be read in context. *See, i.e. Knapp v. Yamaha Motor Corporation, U.S.A.,* 60 F.Supp.2d 566, 570–71 (S.D.W.Va.1999)("where the text of a treaty is clear, the 'court shall not, through interpretation, alter or amend the treaty.'"); *Wilson v. Honda Motor Co., Ltd.,* 776 F.Supp. 339, 342 (E.D.Tenn.1991)("Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive," *quoting, Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)).

The court in *Wilson, supra.,* noted that "other provisions of the Convention use the word 'service' when prescribing approved methods of transmission for service, *see. e.g.,* Article 8." *Wilson,* 776 F.Supp. at 342. "[W]here a legislative body includes particular language in one section but omits that same language from another section of the same act, it is generally presumed that the legislative body acted intentionally and purposefully in the disparate inclusion or exclusion." *Id., quoting, Russello v. United States,* 464 U.S. 16, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983). Here, the differing terms are contained in the same Article, but different subsections. We simply cannot conclude, as some courts have done, that this amounts to a "drafting error."

Further, we decline to address Japan's potential motivation in objecting to subsections (b) and (c), but not to subsection (a). A number of courts have opined that Japan's failure to object to subsection (a) was simply an "oversight," since service of process by registered mail is not permitted under Japanese law, thus rendering it "ex-

tremely unlikely that Japan's failure to object to Article 10(a) was intended to authorize the use of registered mail ... particularly in light of the fact that Japan specifically objected to the much more formal modes of service ..." *See, i.e., Wilson, supra.; Suzuki Motor Co. v. Superior Court,* 200 Cal.App.3d 1476, 249 Cal.Rptr. 376 (1988); *Bankston,* 889 F.2d at 174. We are constrained by the canons of construction to look to the plain and unambiguous language of the document before us, rather than attempt to divine the thought processes of drafters and signatories to the document.

A number of commentators and, even more persuasively, authorities such as the Special Commission Report on the Operation of the Hague Service Convention and a United States Department of State Opinion have stated that Article 10(a) does provide for service by mail, and that Japan's delegation statement to the Special Commission indicated that "Japan does not consider service of process by mail to Japan to violate Japanese judicial sovereignty ... [but] that ... service in Japan by mail ... which may be considered valid service by courts in the United States, would not be considered valid service in Japan for purposes of Japanese law." The Department of State Opinion goes on to state that "We therefore believe that the decision of the Court of Appeals in *Bankston [v. Toyota Motor Corporation,* 889 F.2d 172 (8th Cir.1989)] is incorrect to the extent that it suggests that the Hague Service Convention does not permit, as a method of service of process, the sending of a copy of a summons and complaint by registered mail to a defendant in a foreign country."

While we find the commentary concerning the courts' diverse opinions interesting, the court simply cannot alter the text of the treaty to add matters not contained therein.

[T]o alter, amend, or add to any treaty, by inserting any clause, whether small or great, important or trivial, would be on our part an usurpation of power, and not an exercise of judicial functions. It would be to make, and not to construe a treaty. Neither can this court supply a *cassus omissus* in a treaty, any more than in a law. We are to find out the intention of the parties by just rules of interpretation applied to the subject matter; and having found that, our duty is to follow it as far as it goes, and to stop where it stops—whatever may be the imperfections or difficulties which it leaves behind." *The Amiable Isabella,* 6 Wheat. 1, 71, 5 L.Ed. 191 (1821).

*Chan v. Korean Air Lines, Ltd.,* 490 U.S. 122, 135, 109 S.Ct. 1676, 1684, 104 L.Ed.2d 113 (1989). *See, also, Knapp,* 60 F.Supp.2d at 570 (when interpreting treaties, courts must be governed by the text—solemnly adopted by the government of separate nations, *quoting, Chan, supra.*).

For the reasons set forth herein, the court concludes that service of process by direct mail through the Kentucky Secretary of State to HMC in Japan is not authorized by Article 10(a) of the Hague Convention. Therefore, the motion of HMC will be granted and service will be quashed. A separate order will be entered in accordance with this opinion.